IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DASHA FINCHER,<br>Plaintiff<br><br>vs.<br><br>THE MONROE COUNTY BOARD OF COMMISSIONERS, CODY MAPLES, ALLEN HENDERSON, SIRCHIE ACQUISITION COMPANY, LLC and JOHN DOE,<br>Defendants | Civil Action No.:<br><br>5:18-cv-424 |

# COMPLAINT

**COMES NOW,** Dasha Fincher, Plaintiff, and states her claims against The Monroe County Board of Commissioners, Cody Maples, Allen Henderson, Sirchie Acquisition Company, LLC and any other responsible parties whose names are unknown to Plaintiff, herein referred to as John Doe, and shows the Court as follows:

## INTRODUCTION

1. This is a civil action arising from the wrongful, unlawful and false arrest and incarceration of Dasha Fincher caused by the willful and wrongful acts of the Defendants in violation of Dasha Fincher's rights under the Fourth Amendment of the United States Constitution. Dasha Fincher asserts her federal claims pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. Dasha Fincher seeks equitable relief and monetary damages. Dasha Fincher also seeks an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

2. Dasha Fincher seeks recovery from Defendants for damages on the grounds of false arrest, false imprisonment, malicious arrest, malicious imprisonment, malicious

prosecution, negligent employment, negligent training, negligent infliction of emotional distress, negligent inmate care, negligent medical care, gross negligence, intentional infliction of emotional distress, improper manufacture of the roadside drug testing kit, negligent design of the drug testing kit, failure to warn of false results from the drug testing kit, failure to provide adequate instructions on use of the roadside drug testing kit and personal injury.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343.

4. This Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal and subject matter jurisdiction over Defendants for this matter.

6. Dasha Fincher's arrest and resulting incarceration for more than three months occurred in Monroe County, Georgia.

7. Venue is proper in the Middle District of Georgia – Macon Division, pursuant to 28 U.S.C. § 1391, as at least one of the Defendants resides therein.

## PARTIES

8. Plaintiff Dasha Fincher is a resident of Monroe County, Georgia.

9. On December 31, 2016, Dasha Fincher was arrested in Monroe County, Georgia by Defendant Cody Maples (hereinafter "Defendant Maples") and Defendant Allen Henderson (hereinafter "Defendant Henderson") who were both employed as Sheriff's deputies by Defendant The Monroe County Board of Commissioners (hereinafter "Defendant Monroe County").

10. Both Defendant Maples and Defendant Henderson may be served at their residences or at their work address: 145 L. Cary Bittick Drive, Forsyth, Monroe County, GA 31029.

11. Defendant Monroe County may be served through its County Manager Jim Hedges at 38 West Main Street, Forsyth, Monroe County, GA 31029.

12. Defendant Sirchie Acquisition Company, LLC (hereinafter "Defendant Sirchie") is a Delaware limited liability company headquartered in North Carolina. Defendant Sirchie may be served through its registered agent Corporation Service Company at 2626 Glenwood Avenue, Suite 550, Raleigh, Wake County, NC 27608.

13. Dasha Fincher seeks damages from Defendants as a result of their wrongful, reckless and/or negligent conduct, for the following reasons, to wit:

## FACTUAL BACKGROUND

14. On December 31, 2016, Defendants Maples and Henderson initiated a traffic stop of a vehicle, driven by David Maynard Morris, Jr., in which Dasha Fincher was a passenger.

15. Defendants Maples and Henderson initially claimed that they stopped the vehicle because they believed the window tint on the car was too dark.

16. After stopping the car, Defendants Maples and Henderson stated that the window tint was not in violation of the law.

17. The traffic stop of the car in which Dasha Fincher was a passenger was pretextual.

18. Defendants Maples and Henderson did not have legal grounds to detain Dasha Fincher.

19. Defendants Maples and Henderson then asked the driver if they could search the vehicle.

20. Defendants Maples and Henderson proceeded to search the interior of the car extensively.

21. During said search, Defendants Maples and Henderson produced a large, open clear plastic bag which contained a light blue substance, spherical in shape, which was located

in the floor board of the vehicle.

22. Dasha Fincher and the driver of the vehicle said that the item was a simply a bag of blue cotton candy.

23. Pictures of Defendants Maples and/or Henderson holding the bag of blue cotton candy are attached hereto as <u>Exhibit A and B</u>.

24. Either Defendant Maples or Henderson then opened the bag and sniffed the contents.

25. A picture of either Defendant Maples or Henderson sniffing the contents of the bag is attached hereto as <u>Exhibit C</u>.

26. Either Defendant Maples or Henderson placed the bag on hood of their patrol car and the search of the vehicle continued for some time.

27. Defendant Maples stated in his arrest report that both Dasha Fincher and the driver appeared nervous before and during the vehicle search.

28. The video of the search from Defendant Maples' dashcam shows both Dasha Fincher and the driver to be calm, even after the deputies produced the bag of cotton candy.

29. At the conclusion of the search, either Defendant Maples or Henderson tested the blue substance in the bag using a methamphetamine field test kit.

30. On information and belief, Defendants Maples and Henderson used a Nark II roadside test kit, which was manufactured by Defendant Sirchie, to test the cotton candy.

31. Defendant Sirchie's Nark II roadside test has a history of producing false positive results.

32. The test was designed such that the initially clear testing liquids, once combined in the proper order, purportedly turned purple if methamphetamine was present (a positive result) or red in color if no methamphetamine was present (a negative result).

33. The same test, when used in a Fox 5 News (an Atlanta television station) investigative

report, produced a dark red color when testing a store bought folic acid vitamin. See Exhibit D.

34. Either Defendant Maples or Henderson informed Dasha Fincher that the field test turned purple, which meant it was positive for methamphetamine.

35. Defendants Maples and Henderson placed Dasha Fincher and the driver under arrest for possession of methamphetamine.

36. Defendant Monroe County sought an indictment against Dasha Fincher for possessing 28 grams or more of methamphetamine.

37. Dasha Fincher was charged with Trafficking Methamphetamine in violation of O.C.G.A. § 16-13-31(e) and Possession of Methamphetamine with Intent to Distribute in violation of O.C.G.A. § 16-13-30(b).

38. Dasha Fincher repeatedly professed her innocence and stated that the blue substance was, in fact, cotton candy.

39. The blue substance was sent to the Georgia Bureau of Investigation (hereinafter "GBI") crime lab for testing.

40. A picture of said blue substance in an evidence bag is attached hereto as Exhibit E.

41. On January 11, 2017, Dasha Fincher appeared for her first bond hearing. The Judge ordered a $1,000,000 cash bond, based on the arresting officer's testimony. Dasha Fincher was unable to pay the $1,000,000 cash bond and remained incarcerated pending the results of the GBI crime lab investigation.

42. On January 6, 2017, the GBI crime lab received the blue substance and on March 22, 2017 the GBI issued a report finding that there was no controlled substance in the blue substance. See Exhibit F.

43. The blue substance was, in fact, just cotton candy as Dasha Fincher had always insisted.

44. The GBI acknowledged the substance was cotton candy to investigative reporters for Fox 5 News, as shown in the report about others who had also been arrested due to false positives in roadside tests. See <u>Exhibit D</u>.

45. Dasha Fincher's three month incarceration was solely due to the incorrect test results Defendants Maples and Henderson reported from Defendant Sirchie's roadside test.

46. Defendant Maples admitted in Court that he had no training in drug recognition.

47. Dasha Fincher spent more than three months in jail, missing several major life events and suffering great losses.

48. On January 10, 2017, Dasha Fincher's daughter-in-law gave birth to twin boys. Dasha Fincher had planned to be present for the birth as her daughter-in-law does not have a mother in her life.

49. After the birth of her twin grandsons, Dasha Fincher's son visited her in jail to introduce her to her new grandsons. When her son arrived, he was arrested for an outstanding failure to appear bench warrant.

50. Following her son's arrest, frustrated with her incarceration, Dasha Fincher injured her hand on a concrete wall, resulting in a broken hand.

51. Dasha Fincher was initially seen by a doctor and, due to swelling, she could only get a brace on her hand. The doctor advised that she return in a week for a full cast, but Defendant Monroe County never returned her.

52. Dasha Fincher was also ordered by the doctor to receive physical therapy for her injured hand, but Defendant Monroe County did not allow it.

53. Dasha Fincher continues to suffer from the lack of proper medical attention while

incarcerated.

54. Also while incarcerated, Dasha Fincher's own daughter suffered a miscarriage. Rather than being there to console and assist her daughter during this time, she was incarcerated for being present in a car in which a bag of blue cotton candy was left in the floor board.

55. Dasha Fincher also informed the Sheriff that she had a cyst on her ovary that required medical attention. She was taken once to the ER for her cyst, but was not allowed to have follow up treatment with an OB/GYN, as recommended. Despite repeated requests, she was denied proper medical treatment. One female jailer even went so far as to tell her to "get over it" because she, herself, had had an ovarian cyst before.

56. On March 15, 2017, the Grand Jury returned an indictment against Dasha Fincher for Trafficking Methamphetamine and Possession of Methamphetamine. The witnesses to the Grand Jury were Defendant Maples, Defendant Henderson and Dep. Kevin Williams of the DeKalb Sheriff's Office.

57. On March 21, 2017, Dasha Fincher appeared for a preliminary hearing.

58. Although the Georgia Bureau of Investigation, Division of Forensic Sciences, issued their report showing the sealed bag of blue solid material had no controlled substances on March 22, 2017, Dasha Fincher was not released from jail until April 4, 2017. She was bonded out on her own recognizance at that time.

59. On April 18, 2017, Ms. Fincher appeared for arraignment and the charges against her were nolle prossed.

60. Defendant Monroe County was given timely ante litem notice of Dasha Fincher's claim. See Exhibit E.

61. The arrest for trafficking of methamphetamine and possession of methamphetamine with

intent to distribute remains on Dasha Fincher's record.

## LIABILITY

62. Defendants were generally negligent in the totality of circumstances leading to the arrest and throughout the resulting incarceration of Dasha Fincher.

63. Defendants owed a duty of due care to Dasha Fincher.

64. Defendants breached that duty in the totality of circumstances leading to the arrest and throughout the resulting incarceration of Dasha Fincher.

65. Defendants were grossly negligent in the totality of circumstances leading to the arrest and throughout the resulting incarceration of Dasha Fincher.

66. Defendants were willfully malicious in the totality of circumstances leading to the arrest and throughout the resulting incarceration of Dasha Fincher.

67. Defendants' wrongful actions were the direct and proximate cause of the severe injuries suffered by Dasha Fincher as a result of this arrest and resulting incarceration.

68. Dasha Fincher is entitled to recover special damages she has incurred for her past, ongoing and future medical treatment, as well as her economic losses.

69. Dasha Fincher is entitled to recover general damages for her extensive pain, suffering and loss of enjoyment of life.

## COUNT 1. VIOLATION OF CIVIL RIGHTS

70. At all times relevant to this action, Defendants Maples, Henderson and other involved employees and officers of Defendant Monroe County were acting under color of state law and within the scope of their functions as employees or officers of Defendant Monroe County.

71. Under the facts and circumstances alleged herein, an objectively reasonable law

enforcement officer in the position of Defendants Maples, Henderson and other involved employees and officers of Defendant Monroe County would have known that no arguable probable cause existed to support a warrantless arrest of Dasha Fincher.

72. At all times relevant to this action, the law was established with obvious clarity such that Defendants Maples, Henderson and other involved employees and officers of Defendant Monroe County, vis-à-vis swearing out an arrest warrant after an arrest and without probable cause, arresting a citizen before obtaining a warrant, relying on an inherently flawed roadside drug test, characterizing cotton candy as an illicit drug and depriving a citizen of her liberty, were violations of the Fourth Amendment to the United States Constitution.

73. Defendant Monroe County is responsible for wrongful actions and/or inactions of Defendants Maples and Henderson in bringing these erroneous charges.

74. Defendant Monroe County is responsible for the wrongful actions and/or inactions of the other employees and officers of the Monroe County Sheriff's Department and Monroe County Jail personnel while Dasha Fincher was incarcerated.

75. Defendant Monroe County is responsible for the wrongful actions and/or inactions of the Monroe County Sheriff's Department's training and/or failure to train Defendants Maples and Henderson on drug recognition, drug testing and proper procedures incident to Dasha Fincher's arrest and resulting incarceration.

76. Defendant Monroe County failed to adequately train Defendants Maples and Henderson on the proper use of the roadside drug test.

77. Defendant Monroe County failed to warn Defendants Maples and Henderson of the potential for false positive test results, especially when testing a colored substance.

78. Defendant Monroe County failed to advise the Court of the nature of the blue seized substance and the likelihood of a false positive given the nature of the roadside test used in the arrest of Dasha Fincher.

79. Defendants Maples and/or Henderson failed to disclose to the Judge of the Court responsible for setting Dasha Fincher's bond their lack of drug test training, the possibility for false positive drug test results when testing a colored substance and other relevant facts, including the unlikelihood that such a large quantity of methamphetamine would be transported in an open, large plastic bag laying on the floorboard of a car.

80. Defendants Maples, Henderson and/or Monroe County failed to disclose to Dasha Fincher's counsel their lack of drug test training, the possibility for false positive drug test results when testing a colored substance and other relevant facts, including the unlikelihood that such a large quantity of methamphetamine would be transported in an open, large plastic bag laying on the floorboard of a car.

81. Defendants Maples, Henderson and/or Monroe County knew or should have known that the roadside test was flawed and unreliable, but falsely presented their findings to the Court as scientifically reliable.

82. Defendants Maples, Henderson and/or Monroe County knew or should have known that Dasha Fincher would not be able to procure a one million ($1,000,000) bond and would likely remain incarcerated for more than three months.

83. Defendants Maples, Henderson and/or Monroe County knew or should have known that the GBI crime lab routinely took more than three months to return drug test results and, coupled with the possibility of a false positive, that it was likely that an innocent person might be arrested and suffer an extended incarceration.

84. Given the totality of the available information, Defendants Maples, Henderson and/or Monroe County had no rational basis, much less probable cause, to arrest and incarcerate Dasha Fincher for more than three months.

85. As a direct result and proximate cause of the unlawful actions/inactions of Defendants Maples, Henderson and/or Monroe County, Dasha Fincher was seized and detained against her will, and thereby suffered a loss of liberty in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution, entitling her to actual and compensatory damages in an amount to be determined by the enlightened conscience of the jury.

86. The unlawful actions of Defendants Maples, Henderson and other involved employees and officers of Defendant Monroe County were done willfully, deliberately, maliciously or with gross recklessnes, thereby entitling Dasha Fincher to an award of punitive damages in an amount to be determined by the enlightened conscience of the jury.

## COUNT 2. GEORGIA TORT CLAIMS ACT

87. This lawsuit is brought, in part, pursuant to the Georgia Tort Claims Act, O.C.G.A. § 50-21-25.

88. At the time of this arrest and resulting incarceration, Defendants Maples and Henderson were Monroe County Sheriff's deputies.

89. Defendants Maples and Henderson were acting within the scope of their employment with Defendant Monroe County.

90. At the time of this arrest and resulting incarceration, Defendant Monroe County was covered by a liability insurance policy.

91. Said insurance policy was issued through the Association County Commissioners of

Georgia-Interlocal Risk Management Agency (ACCG-IRMA).

92. Said insurance policy provides coverage for Defendants Maples', Henderson's and Monroe County's actions related to this arrest and resulting incarceration.

93. Sovereign immunity is waived by Defendant Monroe County up to the limits of said insurance policy.

94. Defendant Monroe County is responsible for the damages suffered by Dasha Fincher that resulted from the negligence of Defendants Maples, Henderson and Monroe County.

95. Dasha Fincher may recover from Defendant Monroe County the full value for her injuries resulting from this arrest and resulting incarceration up to the available coverage limit of said policy.

## COUNT 3. DIRECT ACTION

96. If the Georgia Tort Claims act does not apply, Defendants Maples, Henderson and Monroe County are directly responsible for the damages suffered by Dasha Fincher that resulted from her arrest and incarceration.

97. Defendants Maples, Henderson and Monroe County are proper parties to this action and sovereign immunity is waived.

98. Administering the roadside drug test to Dasha Fincher was a ministerial act by Defendants Maples and Henderson.

99. The reading of the results of the roadside drug test was a a ministerial act by Defendants Maples and Henderson.

100. Defendants Maples, Henderson and Monroe County knew or should have known of the likelihood of a false positive test result when using a blue sample material in a color changing test.

101. The arrest and incarceration of Dasha Fincher by Defendants Maples, Henderson and Monroe County was not based on probable cause or reasonable grounds, given the high likelihood of a false positive test result of the blue cotton candy.

102. Defendants Maples' and Henderson's negligence in the ministerial administration of the roadside test was the proximate cause of Dasha Fincher's arrest, incarceration and resulting injuries.

103. Defendants Maples, Henderson and Monroe County are liable to Dasha Fincher for her damages.

## COUNT 4. PRODUCTS LIABILITY

104. Defendant Sirchie produced, marketed and sold the roadside test used by Defendants Maples and Henderson in Dasha Fincher's arrest.

105. The results of Defendant Sirchie's roadside test were the sole basis for Defendant Monroe County's incarceration of Dasha Fincher.

106. Defendant Sirchie knew or should have known that their test kit resulted in false positive results.

107. Defendant Sirchie knew or should have known that their test could lead to an innocent person being arrested for a drug violation based on a false positive result.

108. Defendant Sirchie knew or should have known that testing a colored substance, like the blue cotton candy in Dasha Fincher's car, could produce a false positive result.

109. Defendant Sirchie knew or should have known that using a blue substance, such as cotton candy containing blue food coloring, in the roadside drug test would likely lead to erroneous results.

110. Defendant Sirchie knew or should have known that a red negative test result, when

combined with a blue substance, would produce a purple liquid, erroneously signifying a positive test result.

111. Defendant Sirchie failed to warn their consumers of the possibility for false positive results when testing a colored substance.

112. Defendant Sirchie failed to provide training to law enforcement personnel on the proper use and potential for false positive drug test results.

113. Defendant Sirchie negligently designed, manufactured and sold the drug test used in Dasha Fincher's arrest.

114. Defendant Sirchie failed to notify Defendants Maples, Henderson and/or Monroe County of the potential for false positive drug test results that lead to Dasha Fincher's arrest.

115. Defendant Sirchie's defective product design, defective product manufacture, improper warning, improper training and/or false representations as to the reliability of their drug test is the proximate cause of Dasha Fincher's damages.

116. Defendant Sirchie is liable to Dasha Fincher for the damages she suffered as a result of this arrest and incarceration.

## PUNITIVE DAMAGES

117. The unlawful actions and/or inactions of Defendants were done willfully, deliberately, maliciously and/or with gross recklessnes, thereby entitling Dasha Fincher to an award of punitive damages in an amount to be determined by the enlightened conscience of the jury.

**WHEREFORE**, Dasha Fincher prays that:

a. Defendants be duly served and cited to appear and answer this Complaint;

b. She be allowed six (6) months to conduct discovery;

c. She be allowed a trial by jury;

d. After due proceedings, there be judgment in favor of Dasha Fincher and against Defendants for damages as are reasonable, for attorney's fees, for all costs of these proceedings; and

e. She received all general and equitable relief deemed proper by this Honorable Court.

This 15th day of November, 2018.

                                        **RESPECTFULLY SUBMITTED**

                                      /s/ James M Freeman
                                      James M Freeman
                                      Attorney for Plaintiff
                                      Georgia Bar # 275523

The Law Office of James M Freeman PC
165 First Street, Suite B
Macon, GA 31201
478-750-0750